**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DOUGLAS C. JONES,

    Plaintiff,

vs.
                              Case No. 3:07-cv-177-J-32TEM

ST VINCENTS HEALTH SYSTEM,

    Defendant.

## REPORT AND RECOMMENDATION[1]

This case is before the Court on Plaintiff's motion to proceed *in forma pauperis*, contained within his Affidavit of Indigency (Doc. #2, Motion), filed March 15, 2007. For the following reasons, the Court finds that Plaintiff's Motion is due to be denied without prejudice to filing a paid complaint.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. The Court's decision to grant *in forma pauperis* status is discretionary *(Pace v. Evans*, 709 F.2d 1428 (11th Cir. 1983)) and should be "bestowed only upon those who are truly indigent." *Antonelli v. Bureau of Alcohol, Tobacco and Firearms*, 1985 WL 1613, *1 (N.D. Ill. May 28, 1985).

---

[1] Any party may file and serve specific, written objections hereto with TEN (10) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. §636(b)(1); Fed.R.Civ.P. 72(a), 6(a) and (e); Local Rules 6.02(a) and 4.20, United States District Court for the Middle District of Florida.

Here, Plaintiff's affidavit of indigency indicates that Plaintiff was unemployed as of March 15, 2007 and his wife has an annual income of approximately $33,600. However, Plaintiff also showed an income of $15,000 within the past twelve months as self-employment income. The affidavit also indicates Plaintiff has four (4) dependents, to whom he does not contribute any financial support. Thus, Plaintiff and his wife have an average monthly income of slightly more than $4,000. Their listed expenses total only $1529 a month. Even allowing an additional amount for food, clothing and insurance, it would not appear to match the income total. In addition, Plaintiff and his wife have $26,000 equity in their home. Plaintiff shows that his average monthly expenses do not exceed his monthly household income.

Accordingly, the Court finds that the court costs associated with pursuing Plaintiff's suit are not beyond his reach and *in forma pauperis status* should be denied. *See Mann v. Frank,* 1992 WL 219800 (W.D. Mo. Sept. 2, 1992) (considering plaintiff and her husband's combined family income in rejecting *in forma pauperis* petition); *Bender v. Defense Logistics Agency,* 1990 WL 96185 (E.D. Pa. July 3, 1990) (taking into consideration income of plaintiff's wife); *Monti v. McKeon*, 600 F.Supp. 112 (D. Conn. 1984) (request to proceed on appeal *in forma pauperis* denied where plaintiff was supported by her spouse and spouse was able to pay costs of appeal). *See also, Lanham v. Whitfield,* 805 F.2d 970, 973 (11th Cir. 1986) (where plaintiff had long history of gainful employment, petition to proceed *in forma pauperis* was properly denied); *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2nd Cir. 1988) (district court decision to deny *in forma pauperis* status to applicant with annual income of $20,000 was not erroneous); *Brewster v. North American Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972)

(district court properly denied *in forma pauperis* status to plaintiff whose annual salary was $16,500 because "the privilege to proceed [*in forma pauperis*] is reserved to the many truly impoverished litigants who . . . would remain without legal remedy if such privilege were not afforded to them").

The District Judge should **deny** Plaintiff's motion to proceed *in forma pauperis,* contained within his Affidavit of Indigency (Doc. #2) **without prejudice** to Plaintiff filing a paid complaint.

**DONE AND ENTERED** at Jacksonville, Florida, this  22nd  day of May, 2007.

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to:
Hon. Timothy J. Corrigan
 United States District Judge
Counsel of record
Pro Se Parties (if any)